## Scott v. Commonwealth.

Oct. 10, 1944.

S. Y. Trimble, IV, and W. H. Southall for appellant.

Eldon S. Dummit, Attorney General, and Blanche Mackey, Assistant Attorney General for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

Appellant was indicted for the murder of Lavange Morrow, as that crime is described in KRS 435.040 and 436.020. Those sections of the Statutes provide that any person who shall be convicted of producing death upon the mother of an unborn child, by reason of having administered or used a drug or instrument to produce a miscarriage, shall be adjudged to be guilty of murder or manslaughter, and punished accordingly. Upon trial, appellant was convicted of manslaughter, and sentenced to serve two years and one day in the State Reformatory. Several grounds are urged for reversal, only one of which it is necessary for us to consider, viz., the error of the Court in overruling appellant's motion for a peremptory instruction at the close of all the evidence.

Of course, among other things, to sustain a conviction, it is necessary to prove that the alleged abortion produced the death of the mother of the unborn child. Two doctors testified for the Commonwealth, one for the defendant. The doctors introduced by the Commonwealth testified that they examined the body after it was found alongside the highway in Christian County; that they found evidences that an abortion had been performed; and stated that, in their opinions, death was produced as a direct result thereof. They made no examination of the body other than in the vicinity of the reproductive organs, because, from that examination, they definitely concluded the cause of death. On cross-examination, they admitted that an abortive operation without complications would not produce death. That the complications to be guarded against, and the only complications which result fatally from such an operation, are embolism, infection, and hemorrhage. They further admitted that they found no evidence of either of these complications; that being true, their opinion that death resulted from the abortive operation was pure conjecture; and, since they failed to examine any other part of the body to determine the absence of any other cause of death, their opinions can be given no probative value. No other evidence in respect to the cause of death was introduced by the Commonwealth. We cannot affirm a judgment of conviction upon mere suspicion of the existence of the most essential element of the crime.

All other questions are specifically reserved.

The judgment is reversed.